IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | Criminal No. PJM-10-0271 |
| PATRICK FITZGERALD SWEENEY | : | |
| Defendant | : | |

**DEFENDANT'S MOTION TO EXCLUDE EVIDENCE
OF OTHER CRIMES, WRONGS AND ACTS**

The defendant, Patrick Fitzgerald Sweeney ("Mr. Sweeney"), by and through his counsel, William C. Brennan, Jr. and Brett J. Cook, Brennan Sullivan & McKenna LLP, pursuant to the Fifth Amendment of the United States Constitution and Federal Rules of Evidence 401, 403 and 404, hereby moves for this Court to exclude evidence of certain other crimes, wrongs and acts the defendant is alleged to have engaged in, separate and apart from the offense charged in the Indictment.

**I.   INTRODUCTION**

The government has indicated in a letter dated May 27, 2010 that it intends to introduce evidence of Mr. Sweeney's November 14, 2007 conviction for possession of CDS (not marijuana) and its underlying facts under Rule 404(b) to prove the defendant's "knowledge, intent and absence of mistake." In addition, the government intends to call a witness to testify regarding the defendant's possession, purchase and distribution of heroin on numerous occasions before and after the charged offenses, and states that such evidence would be admissible under Rule 404(b) for similar reasons.

## II.     EVIDENCE OF THE OTHER ACTS MUST BE EXCLUDED.

Often litigated in the district court and more often reviewed by the Fourth Circuit, the basic legal parameters of the Fed. R. Evid. 404(b) motion *in limine* need not be exhaustively detailed here.

Suffice it to say,

> Rule 404(b) provides . . . that while evidence of prior bad acts is not admissible to prove character or propensity, such evidence may be admitted to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." In addition to being relevant to some issue besides character, 404(b) evidence must also be necessary and reliable to be admissible. Evidence is "necessary" if it relates to an essential part of the crime or "furnishes part of the context of the crime." A trial court's decision to admit evidence under 404(b) will not be overturned unless arbitrary or irrational.

*United States v. Tanner*, 61 F.3d 231, 237 (4th Cir. 1995) (internal citations omitted).

The Fourth Circuit has held that "the prosecution may not introduce evidence of extrinsic offenses to demonstrate the defendant's propensity to commit unlawful acts or to prove that the defendant committed the crime which he is presently charged." *United States v. Powers*, 59 F.3d 1460, 1464 (4th Cir. 1995). Of course, such evidence may be offered for other purposes – motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake.

It is well settled that evidence of other bad acts is admissible during a trial against a defendant under Rule 404(b) if it is "probative of a material issue other than character." *United States v. Madden*, 38 F.3d 747, 753 (4th Cir. 1994). This Circuit has "articulated a four-prong test of admissibility of prior-act evidence: (1) the prior-act evidence must be relevant to an issue other than character, such as intent; (2) it must be necessary to prove an element of the crime charged; (3) it must be reliable; and (4) as required by Federal Rule of Evidence 403, its probative value must not be "substantially outweighed" by its prejudicial nature." *United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997). This analysis is a re-affirmation of the basic tenet of

the law in the Circuit: that evidence is properly admitted if it is "(1) relevant to an issue other than character, (2) necessary, and (3) reliable." *United States v. Rawle*, 845 F.2d 1244, 1247 (4th Cir. 1988) (footnotes omitted).  Moreover, the overriding principle which provides the anchor for the evidentiary rule must be the exclusion of any evidence "which tends to prove only criminal disposition." *United States v. Percy*, 765 F.2d 1199, 1203 (4th Cir. 1985).  *See also Queen*, 132 F.3d at 995 (quoting *Michelson v. United States*, 335 U.S. 469, 475-76 (1948)).

In sum, proffered evidence subject to Fed. R. Evid. 404 (b) is admissible only if (1) relevant to an issue other than character, (2) necessary, and (3) reliable. *United States v. Uzenki*, 434 F.3d 690, 710-711 (4th Cir. 2006). This test was first enunciated in *United States v. Queen*:

> Thus, we hold that evidence of prior acts becomes admissible under Rules 404(b) and 403 if it meets the following criteria: (1) the evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant. In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes. (2) The act must be necessary in the sense that it is probative of an essential claim or an element of the offense. (3) The evidence must be reliable. And (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the fact-finding process.

132 F.3d 991,995 (4th Cir. 1997).

By operation of the *Queen* test alone, Mr. Sweeney contends that the government's intent to introduce into this instant trial Mr. Sweeney's alleged involvement in the "other acts" falls short, and the acts are thus inadmissible.

First, none of the "other acts" are relevant to the offenses for which Mr. Sweeney stands charged.  They are not probative of anything under FRE 401.  They are not relevant to an element of any offense or count contained in the Third Superseding Indictment.  They are purely and improperly the government's attempt to get before the jury the introduction of "extrinsic offenses to demonstrate the defendant's propensity to commit unlawful acts or to prove that the

defendant committed the crime with which he is presently charged." *United States v. Powers*, 59 F.3d 1460, 1464 (4th Cir. 1995) (quoting *United States v. Percy*, 765 F.2d at 1203 (4th Cir. 1985) (other citations omitted)).  Moreover, the proffered evidence by the government concerning the "other acts" is not "more similar" in nature to the act which the government must prove at this trial and, in reality, offers no context to any issue or count in the case. *United States v. Masters*, 622 F.2d 83, 86 (4th Cir. 1980) (evidence is necessary if it establishes the context of the crime charged).

Second, the acts sought to be introduced by the government are not "necessary in the sense that [they are] probative of an essential claim or an element of the offense." *Queen*, 132 F.3d at 997. As *Queen* points out, "[e]vidence is necessary where, considered in the 'light of other evidence available to the government' . . . , it is an 'essential part of the crimes on trial, or where it furnishes part of the context of the crime.'" *Queen*, 132 F.3d at 998.  The other acts specified by the government are not essential to proving Mr. Sweeney's conduct related to the offenses charged in the indictment, and the acts do not reasonably serve to furnish any meaningful and non-prejudicial context to the offenses themselves except to influence the jury's perception of Mr. Sweeney's "criminal propensity."

Third, and of tremendous importance to which the government cannot overcome given the factual circumstances, the proffered bad act evidence is not reliable.

Fourth, the *Queen* Court's fourth prong is essentially the traditional Fed. R. Evid. 403 analysis in which a district court must weigh whether the disputed evidence's probative value is "substantially outweighed" by the prejudicial nature which would befall a defendant during a trial. *Rawle*, 845 F.2d at 1247. Rule 403 permits a Court to prevent this jury from hearing this type of explosively prejudicial evidence during the trial. It certainly bears mentioning that the

administration by the Court of any limiting instruction would be wholly and materially insufficient to cure the jurors hearing that Mr. Sweeney is a "bad person" with a "propensity to commit criminal charges."

Employing either the fourth prong of the *Queen* test or on the authority of FRE 403 standing alone, this Court should exercise its discretion in this case and not permit the government to introduce any evidence of other acts and prevent a "mini-trial" within the pending trial itself. *Masters*, 622 F.2d at 87.

### III. CONCLUSION

**WHEREFORE**, the defendant moves that the evidence of other crimes, wrongs and acts be excluded from evidence at trial.

Respectfully submitted,

/s/
William C. Brennan, Jr. (#0465)


/s/
Brett J. Cook (#17546)

BRENNAN SULLIVAN & McKENNA LLP
6305 Ivy Lane, Suite 700
Greenbelt, Maryland 20770
301-474-0044

*Attorneys for the defendant, Patrick Fitzgerald Sweeney*

## REQUEST FOR HEARING

Pursuant to Rule 105.6 of the Local Rules of the United States District Court for the District of Maryland, a hearing is requested on the defendant's motion.

/s/
Brett J. Cook

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 16th day of July 2010 that a true and accurate copy of the foregoing Defendant's Motion to Exclude of Other Crimes, Wrongs, and Acts was served via CM/ECF filing upon the following individual:

>Deborah Johnston, AUSA
>United States Attorney's Office
>6500 Cherrywood Lane, Suite 400
>Greenbelt, Maryland 20770

>_____/s/_____
>Brett J. Cook