IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | Criminal No. PJM-10-0271 |
| PATRICK FITZGERALD SWEENEY | : | |
| Defendant | : | |

**MOTION FOR SEVERANCE OF COUNTS**

The defendant, Patrick Fitzgerald Sweeney, by and through his attorneys, William C. Brennan, Jr. and Brett J. Cook, Brennan Sullivan & McKenna LLP, pursuant to Rules 8(a) and 14(a) of the Federal Rules of Criminal Procedure, respectfully requests that this Honorable Court sever for trial (1) Counts One, Two and Three; (2) Counts Four and Five; and, (3) Counts Six and Seven. The allegations contained in these three groups of counts are not of the same or similar character, based on the same act or transaction, nor connected with the scheme or plan. In addition, joinder of these three groups of counts unfairly prejudices Mr. Sweeney's defense.

**FACTUAL BASIS**

The first group of counts (Count One, Two and Three) concern an allegation that Mr. Sweeney distributed heroin to Harrison H. Waite, III on or about March 23, 2009, used a cellular telephone to facilitate the commission of the offense, and that Mr. Waite died from his use of the heroin. The second group of counts (Counts Four and Five) allege that between February 16, 2009 and March 10, 2009, Mr. Sweeney distributed heroin, and used a cellular telephone to facilitate the commission of the offense. The third group of counts (Counts Six and Seven) allege that in December 2008, Mr. Sweeney distributed heroin, and used a cellular telephone to facilitate the commission of the offense.

## ARGUMENT

Mr. Sweeney moves to sever for trial (1) Counts One, Two and Three; (2) Counts Four and Five; and, (3) Counts Six and Seven.

> Under Federal Rule of Criminal Procedure 8(a), a single indictment may charge a defendant with multiple counts if the offenses charged "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Joinder of related charges is broadly permitted to avoid needless duplication of judicial proceedings, *United States v. Mir,* 525 F.3d 351, 356–57 (4th Cir. 2008), particularly where evidence of one charge would be admissible to prove another charge, *see United States v. Peoples,* 748 F.2d 934, 936 (4th Cir. 1984). Nonetheless, Rule 14(a) provides that "[i]f the joinder of offenses . . . appears to prejudice a defendant or the government, the court may order separate trials of counts." Fed.R.Crim.P. 14(a). The party seeking severance bears the burden of demonstrating "a strong showing of prejudice," *United States v. Goldman,* 750 F.2d 1221, 1225 (4th Cir. 1984), and [appellate courts] are mindful that the district court's denial of a motion to sever "should be left undisturbed, absent a showing of clear prejudice or abuse of discretion." *United States v. Acker,* 52 F.3d 509, 514 (4th Cir. 1995).

*United States v. Branch*, 537 F.3d 328, 341 (4th Cir. 2008).

> In considering a severance motion, the trial court balances any possible prejudice to the accused "against the interests of the efficient administration of justice." *United States v. Cole,* 857 F.2d 971, 974 (4th Cir. 1988). In particular, when offenses are joined based upon their "same or similar character," the trial court should consider three possible sources of prejudice:
>
>> (1) the jury may confuse and cumulate the evidence, and convict the defendant of one or both crimes when it would not convict him of either if it could keep the evidence properly segregated; (2) the defendant may be confounded in presenting defenses, as where he desires to assert his privilege against self-incrimination with respect to one crime but not the other; or (3) the jury may conclude that the defendant is guilty of one crime and then find him guilty of the other because of his criminal disposition.

*United States v. Taylor*, 218 F. App'x 249, 250 (4th Cir. 2007) (internal citation omitted).

Counts One, Two and Three are not factually related to Counts Four and Five, or to Counts Six and Seven. Each group of counts in the Second Superseding Indictment ("the

Indictment") are related only insofar as they concern the alleged distribution of heroin by the defendant. Evidence intrinsic to each of these groups of counts in the Indictment would not be admissible to prove any of the counts contained in the other groups.

Even if the Court finds that the counts contained in the Indictment are properly joined for trial under Rule 8(a), this Court should sever the counts because Mr. Sweeney stands to endure strong and unwarranted prejudiced should the counts be tried together. To the extent that a jury finds that Mr. Sweeney distributed heroin as alleged in one of the counts in the Indictment, the jury may conclude without further deliberation that Mr. Sweeney also distributed heroin as alleged in the other counts because he has a "criminal disposition." In addition, to the extent that the government contends the counts are of a similar character, the jury is likely to confuse and cumulate the evidence against Mr. Sweeney, and convict him of all counts. Finally, to the extent that Mr. Sweeney wishes to testify in his defense as to some counts, but assert his privilege against self-incrimination as to other counts, it will be impossible for him to do so if the counts are tried together. The prejudice against Mr. Sweeney is extreme if the counts in the Indictment are tried together, and any judicial efficiency sacrificed to ensure that Mr. Sweeney receives a fair trial is minimal. The Court should sever for trial (1) Counts One, Two and Three; (2) Counts Four and Five; and, (3) Counts Six and Seven.

## CONCLUSION

WHEREFORE, the defendant, Patrick Fitzgerald Sweeney, respectfully requests that this Honorable Court:

    1.    GRANT the Motion For Severance of Counts;

2. SEVER Counts One, Two and Three; (2) Counts Four and Five; and, (3) Counts Six and Seven into three separate trials; and,

3. GRANT such other relief as deemed appropriate.

>Respectfully submitted,
>
>BRENNAN SULLIVAN & McKENNA LLP

Date: March 16, 2012

/s/
William C. Brennan, Jr. (#00465)
6305 Ivy Lane, Suite 700
Greenbelt, Maryland 20770
301-474-0044 (phone)
301-474-5730 (facsimile)
wbrennan@bsm-legal.com

/s/
Brett J. Cook (#17546)
6305 Ivy Lane, Suite 700
Greenbelt, Maryland 20770
301-474-0044 (phone)
301-474-5730 (facsimile)
bcook@bsm-legal.com

*Attorneys for the defendant, Patrick F. Sweeney*

### REQUEST FOR HEARING

Pursuant to Rule 105.6 of the Local Rules of the United States District Court for the District of Maryland, a hearing is requested on the defendant's motion.

/s/
Brett J. Cook

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 16th day of March, 2012 that a true and accurate copy of the foregoing Defendant's Motion For Severance of Counts was served via CM/ECF filing upon the following individuals:

>Deborah Johnston, AUSA
>Arun Rao, AUSA
>United States Attorney's Office
>6500 Cherrywood Lane, Suite 400
>Greenbelt, Maryland 20770

>_____/s/_____
>Brett J. Cook